ANDERSON v. DICKS.

1. FINDINGS OF FACT by Circuit Judge as to sale of land under power, agreement to buy there at and to convey to another, and abrogation thereof, sustained.
2. ESTOPPEL—MORTGAGES.—Where heirs at law of deceased mortgagor, with full knowledge of all the facts, accept from mortgagee surplus proceeds of void sale of land, under power, and acquiesce in possession of purchaser, they are estopped from saying the sale was unauthorized, so long as they retain the proceeds.
3. EXCEPTIONS too general.

Before WATTS, J., Sumter, June, 1898. Affirmed.

Action for possession of real estate by Ben Anderson, Nero Anderson, and Frank James, against Jordan M. Dicks and Hope Miller. From judgment for defendants, plaintiffs, Ben and Nero Anderson, appeal.

*Messrs. L. D. Jennings* and *H. F. Wilson,* for appellants, cite: *Dicks is mortgagee in possession:* 37 S. C., 489; 21 S. C., 400; 52 N. Y., 251. *Power of sale under mortgage dies with mortgagor:* 27 S. C., 309; 47 S. C., 410. *Plaintiffs are not estopped:* 13 S. C., 369.

*Messrs. Lee & Moise,* for Jordan M. Dicks, contra, cite: *Estoppel by conduct:* 13 S. C., 370; 1 Vern., 136; 2 Vern., 150; 59 Pa., 214; 12 S. C., 354; 52 Ga., 183. *Estoppel by accepting proceeds of sale:* 64 Ala., 410; 67 Ia., 139; 73 Mo., 46; 85 N. C., 218; 64 Wis., 560; 48 S. C., 267; 60 N. Y., 73; 53 S. C., 32. *No resulting trust:* 19 S. C., 127. *Agreement to purchase in parol void:* 7 Rich. Eq., 758; 21 S. C., 492; 1 Rich. Eq., 130. *Exception too general:* 53 S. C., 155.

June 27, 1899. The opinion of the Court was delivered by

MR. JUSTICE GARY. Lucinda Anderson died in 1892, leaving, as her heirs at law, the plaintiff herein, who brought this action to recover a small tract of land alleged to have been the property of Lucinda Anderson at the time of her death. She had purchased the property from Col. J. D. Blanding, and to secure the credit portion of the purchase money, executed to him a mortgage of the premises. The mortgage contained a power of sale under which the land was sold to the defendant, Jordan M. Dicks, after the death of Lucinda Anderson.

The Circuit Judge's findings of fact and conclusions of law are as follows: "I find, as a matter of fact, that the defendant, Jordan M. Dicks, purchased the tract of land in dispute at a sale of same under mortgage conveying same, which sale was voidable for the reason that the mortgagor, Lucinda Anderson, was dead at the time thereof, and the power of sale granted the mortgagee, Blanding, not being a power coupled with an interest, ceased and ended. I further find, as matter of fact, that the defendant, Dicks, became the pur-

chaser at such sale at and for the sum of $172.50, under an agreement with the plaintiff, Ben Anderson, that he made said purchase for the said Ben Anderson, who subsequently, and prior to the execution and delivery of the deed of Blanding to Dicks, pursuant to said sale, abrogated the said agreement to purchase, and thereupon Dicks paid his bid and took title and went into possession in his own right, the plaintiff, Ben Anderson, acquiescing and becoming his tenant, and the said Dicks is now in possession of said premises. I further find, as a matter of fact, that the plaintiff, after said sale, demanded from and received from the said Blanding, the mortgagee of their ancestor, Lucinda Anderson, the surplus money arising from said sale, in proportion to their interests therein, as agreed upon between themselves. And as a matter of law, I conclude that the plaintiffs, Ben Anderson and Nero Richardson, are estopped from claiming title by reason of their conduct in demanding, accepting and receiving said surplus proceeds of sale, and in acquiescing in the purchase of the defendant, Dicks, and in surrendering unto him the possession of said premises. The plaintiff, Frank James, having conveyed his interest, by deed, unto the defendant, Dicks, prior to this hearing, is hereby estopped. Wherefore, it is ordered, judged and decreed, that the complaint be dismissed with costs."

The plaintiffs appeal upon the following exceptions: "First. That the presiding Judge erred, it is respectfully submitted, in finding as a matter of fact that Ben Anderson, the plaintiff, 'subsequently' to the sale 'and prior to the execution and delivery of the deed of Blanding to Dicks, in pursuance of said sale, abrogated said agreement to purchase' the said land for the said Ben Anderson, and thereupon Dicks paid his bid and took title and went into possession in his own right, the plaintiff, Ben Anderson, acquiescing and becoming his tenant.' Second. It is respectfully submitted that the presiding Judge should have held that the defendant, Dicks, became the purchaser at the said sale, under an agreement with the plaintiff, Ben Anderson, that

he make said purchase for the said Ben Anderson, and that the defendant, Dicks, was a mortgagee in possession, and liable to account for all the moneys paid to him by the said Ben Anderson, and for all the rents and profits received by him from said land. Third. That the presiding Judge erred, it is respectfully submitted, in finding, as a matter of fact, that the plaintiff demanded from and received from the said Blanding, the mortgagee of their ancestor, Lucinda Anderson, the surplus money arising from said sale. Fourth. That the presiding Judge erred, it is respectfully submitted, in concluding, as a matter of law, that the plaintiffs, Ben Anderson and Nero Richardson, are estopped from claiming title by reason of their conduct in demanding, accepting and receiving said surplus proceeds of sale, and in acquiescing in the purchase of the defendant, Dicks, and in surrendering unto him the possession of said premises. Fifth. That the presiding Judge erred in adjudging that the complaint herein be dismissed."

The first three exceptions impute error to the Circuit Judge in his findings of fact, and will be considered together. Col. J. D. Blanding, in his testimony, says: "When I received the money, $172.50, from Jordan Dicks, I sent word to Ben Anderson, Frank James and Nero Richardson to come in and get their money. They did come in, not together, but at different times. When Ben Anderson came in, I said to him, if you and Jordan Dicks have given up the agreement for Jordan Dicks to convey the land to you, I will then pay you this money, $50, but if you have not abrogated that bargain, then this $50 must be paid back to Jordan Dicks. He said that he found that he had a debt of about $30 he was obliged to pay, and he could not buy the land, but that he would get Dicks to rent it to him, and he would try some time afterwards to buy it. I then paid him the money. * * * I told Ben Anderson and the other plaintiffs that the way to settle the whole matter with all parties was for Ben Anderson, Nero Richardson and Frank James to indorse upon the deed I should make to Jor-

26—55

dan Dicks a receipt showing that they, as the heirs-at-law of Lucinda Anderson, had received payment of the money in excess of the mortgage debt from me, the mortgagee, and that statement or receipt upon the deed should, after being signed by them, be recorded as a part of said deed, and that this would operate as a full settlement between all the parties of all the interests involved. I told them, I mean two of them, that they must come in and I would have the deed ready, I think, the next Saturday, and they pledged themselves to come and sign the papers. I then paid them, upon their promise to come in and sign the deed, Ben Anderson, $49.75; Nero Richardson, $6.80; and Frank James, $7. The above being the amount agreed upon among themselves that they should receive respectively. They told me they had agreed upon that division." This and other testimony to the same effect, which we do not deem necessary to reproduce, satisfy us that these exceptions cannot be sustained.

We will now consider the fourth exception. The sale was unquestionably unauthorized, but the principle is fully sustained by the authorities cited by the respondents' attorneys, that as the appellants were fully informed in regard to all the facts in the case, and still retain the proceeds of the sale, they are estopped from raising the issue that it was unauthorized. It would be inequitable to allow them to recover the land while still retaining its equivalent, after the payment of the incumbrance resting upon it at the time of the sale. This exception is overruled.

The fifth exception is too general for consideration.

Judgment affirmed.